The opinion of the Court was delivered by
Fenner, J.
This is a suit against a married woman ou the following obligation:
New Orleans, December 14, 1877.
Should certain securities (named below) not realize $3,400 net cash to Mr. S. Friedlander, during the year 1878,1 promise to pay ou demand, during January, 1879, to Mr. S. Friedlander, whatever amount less than $3,400 net cash said named securities shall have realized to Mr. S. Friedlander. Say, mortgage note Agricultural Fair Association, March 23, ’76, $915, with 8 per cent, interest, and 20 Rapides warrants, each for $100, with 5 per cent, from 14th July, 1874.
(Signed)' E. Schmalinski.
S.Schmalinski.
The plaintiff alleges that the defendant was carrying on business aw a public merchant, as a member of a commercial firm of Schmalinski &. Bloom, and that this obligation is for an indebtedness growing out of her said business.
In the absence of any brief of counsel for appellee, we have scrutinized the record very closely, in seach of evidence to establish that the obligation was given by Mrs. Schmalinski in her capacity of public merchant, of that it was connected with, or grew out of, tho business .of Schmalinski &■ Bloom.
We find no such evidence.
*529 This proof was clearly essential in order to maintain the claim against her on that ground. Bowles vs. Turner, 15 A. 352.
Proof is equally lacking that she was separate in property, or that, the debt enured to her separate benefit.
In absence of such evidence, we can discover no ground on which this action against a married woman be sustained. Graham vs. Egan, 13 A. 546; Erwin vs. McCaleb, 5 A. 173; 19 A. 206; 24 A. 96.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be avoided and reversed, and that plaintiff’s demand he dismissed, as in case of non-suit.